IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:11-CR-249-D (01) |
| | § | |
| KENNETH WAYNE BROWN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Kenneth Wayne Brown ("Brown") moves the court for release pending appeal. The court denies the motion for the reasons that follow. *See* Fed. R. App. P. 9(a)(1) and (b).[1]

18 U.S.C. § 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2]  A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the

_____

[1]Under Rule 9(b), the court must comply with the requirements of Rule 9(a).  Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2]For purposes of deciding this motion, the court will assume *arguendo* that the other elements of § 3143(b) are irrelevant, i.e., that Brown does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight.

expected duration of the appeal process.  *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

Brown maintains that the question whether the evidence was legally sufficient to support the verdict is a substantial question justifying release pending appeal.  He posits that the evidence that he and codefendant Leah Michele Brown knowingly and intentionally joined a criminal conspiracy to submit false claims and execute checks issued on those false claims is not legally sufficient to support a verdict of guilty.  The court disagrees that the evidence is insufficient to convict Brown of the conspiracy offense charged in count one of the superseding indictment.

The Fifth Circuit has explained the relevant standard of review as follows:

> The narrow scope of our review for sufficiency of the evidence following a conviction is well established.  We must affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt.  We thus consider the evidence, all reasonable inferences drawn therefrom, and all credibility determinations in the light most favorable to the prosecution.  Our role does not extend to weighing the evidence or assessing the credibility of witnesses.  The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.  If the evidence, however, gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, we must reverse the conviction, as under these circumstances a reasonable jury must necessarily entertain a reasonable doubt.

*United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996) (citations and internal quotation marks omitted).  Having considered the trial evidence under the pertinent standard, the court holds that the evidence is sufficient to support Brown's conviction.  He has therefore failed to show that his appeal raises a substantial question of law or fact.

*   *   *

Brown's June 29, 2012 motion for release pending appeal is denied.

**SO ORDERED**.

July 2, 2012.

SIDNEY A. FITZWATER
CHIEF JUDGE